

# NUMBER 13-17-00523-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARIA AREVALOS,                                               **Appellant,**

**v.**

RAUL R. ALVAREZ,                                              **Appellee.**

### On appeal from the County Court at Law No. 4
### of Hidalgo County, Texas.

## SUPPLEMENTAL ORDER OF ABATEMENT

### Before Justices Longoria, Hinojosa, and Tijerina
### Order Per Curiam

On April 4, 2019, we abated the cause and remanded it to the trial court stating that the trial court "shall immediately cause notice to be given and conduct a hearing to determine why the reporter's record has not been prepared and filed . . . . [and] further determine what steps are necessary to ensure the prompt preparation of a reporter's

record and shall enter any orders required to avoid further delay and to preserve the parties' rights." We stated that "[t]he trial court shall make appropriate findings under Texas Rules of Appellate Procedure 34.6(f) and 35.3, if necessary. *See* TEX. R. APP. P. 34.6(f), 35.3" with instructions for the trial court to "prepare and file its findings and orders and cause them to be included in a supplemental clerk's record which should be submitted to the Clerk of this Court within thirty days from the date of this order."

The trial court held that hearing and concluded that the appellant, Maria Arevalos, filed a pauper's affidavit and that the court reporter had not filed an objection to Arevalos's pauper's affidavit. Thus, Arevalos is not required to pay for the reporter's record as she is indigent. On May 9, 2019, the trial court ordered the court reporter in this case to prepare and file the reporter's record with our Court by May 24, 2019. The court reporter failed to comply with the trial court's order and has since deceased. After reviewing the sequence of events in this cause, we abated the case, remanded it to the trial court, and directed the trial court to conduct a hearing pursuant to Texas Rule of Evidence 34.6.

On May 4, 2021, the trial court held a hearing to determine the status of the court reporter's transcript, if any exists. Both parties appeared via Zoom, and both parties stated that neither had received a copy of the court reporter's transcript. Appellant further stated that she wanted to continue with her appeal.

In accordance with Texas Rule of Appellate Procedure 34.6(f)(4), the trial court is directed to conduct a hearing to determine if:

(1) The lost, missing, or destroyed record is necessary for the appeal to proceed;

(2) If the record is necessary, whether the parties can reach an agreement about the substance of the record that is lost, missing, or destroyed; and/or,

2

(3) If the record is necessary and the parties cannot reach an agreement about the substance of the needed portions of the record, whether the trial court shall retry the case.

The trial court is directed to forward the record of the proceedings, including any orders and findings, to this Court within thirty (30) days of the date of this order, or to notify this Court within such period indicating a date by which the trial court can comply.

PER CURIAM

Delivered and filed on the
6th day of July, 2021.